UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
TOMMY BROWN,

      Plaintiff,

 -against-

NASSAU COUNTY; ET AL; NASSAU
COUNTY POLICE DEPT.; attorneys
RAYMOND VOULO, MARTIN GEDULDIG;
A.D.A. JOY WATSON; COUNTY COURT
JUDGE GULOTTA, NASSAU COUNTY
MEDICAL CENTER, FAMILY COURT OF
NASSAU COURT,

      Defendants.
------------------------------------------------------X

**AMENDED MEMORANDUM OF DECISION AND ORDER**
05 CV 872 (ADS)(ETB)

**APPEARANCES:**

**TOMMY BROWN**
Pro Se Plaintiff
97A5695
Attica Correctional Facility
Box 149
Attica, N.Y. 14011-0149

**NO APPEARANCES FOR THE DEFENDANTS**

**SPATT, District Judge.**

 Pending before the Court is the complaint of pro se plaintiff Tommy Brown ("plaintiff"), applications to proceed in forma pauperis, and for the appointment of counsel. For the reasons set forth below, the application to proceed in forma pauperis is granted, the application for the appointment of counsel is denied, and the complaint is dismissed sua sponte with prejudice.

## I. BACKGROUND

In a rambling and unclear complaint, plaintiff alleges pursuant to 42 U.S.C. § 1983, that he is illegally being held in the Attica Correctional Facility. As best can be parsed from plaintiff's complaint, he voluntarily entered the Nassau County Medical Center's psychiatric unit, apparently for psychiatric care. While in the "waiting" area, he was approached by Nassau County Police Officers, who read him his Miranda rights. After much discord between Nassau County Police Officers and hospital staff about whether the police could arrest plaintiff, he was arrested. He was subsequently represented in criminal proceedings by defendants Raymond Voulo and Martin Geduldig. Plaintiff's complaint alleges, inter alia, unlawful arrest, prosecutorial misconduct, denial of Constitutional right to private counsel, ineffectiveness of counsel, and judicial bias,

He seeks, inter alia, monetary damages in the sum of "($22 million dollars) and/or ($350,000.00 and consumation of sentence)."

## II. DISCUSSION

A. In Forma Pauperis Application

Upon review of the plaintiff's declaration in support of his application to proceed in forma pauperis, the Court concludes that the plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed in forma pauperis is

granted.

B.	Appointment of Counsel

Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone unable to afford counsel. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986).

The court also held that these factors are not restrictive and that "[e]ach case must be decided on its own facts." Id. at 61. A developed record assists the court in this regard. See Brooks v. State of New York, 92 CV 1508, 1992 WL 320402 * 3 (S.D.N.Y. Oct. 29, 1992) (denying, without prejudice, appointment of counsel based on pleadings' failure to satisfy Hodge's required threshold showing of likely merit).

The Court has reviewed plaintiff's application and finds that the appointment of counsel is not warranted at this stage of the litigation.

C.   Section 1983

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

See 42 U.S.C. § 1983.

Thus, to state a claim under Section 1983, a plaintiff must allege two elements: (1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a deprivation of his rights or privileges as secured by the Constitution of the United States. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 102 S. Ct. 2744 (1982); Annis v. County of Westchester, 136 F.3d 239, 245 (2d Cir. 1998).

It is well-settled that the Court is required to read the Plaintiffs' pro se Complaint liberally. See Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Moreover, at this stage of the proceedings, the Court assumes the truth of the allegations in the Complaint. See Hughes, 449 U.S. at 10. Nevertheless, the Court finds that Plaintiff's Complaint must be dismissed.

1. <u>The Claims against Voulo and Geduldig</u>

Absent special circumstances suggesting concert of action between an attorney and a state representative, an attorney's representation of a defendant in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983 against the attorney, even if the attorney was court-appointed or employed as a public defender. <u>See</u> <u>Polk County v. Dodson</u>, 454 U.S. 312, 325, 102 S. Ct. 445, 453 (1981); <u>Housand v. Heiman</u>, 594 F.2d 923, 924-25 (2d Cir. 1979) (<u>per</u> <u>curiam</u>).

In light of the fact that defendants Voulo and Geduldig are attorneys, and the conduct about which Plaintiff complains occurred during their representation of Plaintiff, Voulo and Geduldig cannot be considered state actors for the purposes of a Section 1983 lawsuit. Accordingly, the Court finds that the complaint fails to state a claim upon which relief must be gra nted, and it must be dismissed as against Voulo and Geduldig with prejudice. <u>See</u> <u>Lefcourt v. Legal Aid Society</u>, 445 F.2d 1150, 1154-56 (2d Cir. 1971); <u>see</u> <u>also</u> <u>Timmons v. Alexion</u>, No. 99-CV-6335, 2000 WL 194684 (E.D.N.Y. Feb. 15, 2000), <u>aff'd</u>, __ F.3d __, 2001 WL 289905 (2d Cir. Mar. 23, 2001).

2. <u>The Claim against Judge Gulotta</u>

Under the doctrine of absolute judicial immunity, judges are subject to suit only for (1) "non-judicial actions, <u>i.e.</u>, actions not taken in the judge's judicial capacity," or (2) "actions, though judicial in nature, taken in the complete absence of

all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11-12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) (internal citations omitted); see Stump v. Sparkman, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "'be deprived of immunity because the action he took was in error . . . or was in excess of his authority.'" Mireles, 502 U.S. at 11, 12 (quoting Stump, 435 U.S. at 356). Given a most liberal reading and accepting the truth of the allegations asserted, the Plaintiff's claims against the Defendant judge cannot be sustained, and the Complaint is dismissed as to Judge Gullotta with prejudice.

    3.    The Claims against Nassau County, the Nassau County Police Dept. and the Nassau County Medical Center

The plaintiff names the Nassau County, the Nassau County Police Department, and the Nassau County Medical Center as defendants. A municipal body, such as a police department or a county, may not be held liable under § 1983 for the unconstitutional acts of its employees absent allegations that such acts are attributable to a municipal custom, policy or practice. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-94, 98 S. Ct. 2018 (1978); see also Pembaur v. Cincinnati, 475 U.S. 469, 478-79, 108 S. Ct. 1292 (1986); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000) (noting that a municipality "cannot properly be held liable...unless the 'injury was inflicted by [its] lawmakers or by those whose edicts or acts may fairly be said to represent official policy'"), cert. denied, 531 U.S. 813, 121 S. Ct. 47 (2000); Ricciuti

v. New York City Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991). Because the present complaint cannot reasonably be interpreted to have included allegations concerning an underlying municipal policy or custom which deprived the plaintiff of a constitutional right, plaintiff has failed to state a claim against the Nassau County Police Department, Nassau County, and the Nassau County Medical Center. Accordingly, the complaint is dismissed as to those defendants.

    4.    The Claim against the Family Court of Nassau County

To the extent that plaintiff's claim against the Family Court of Nassau County is brought pursuant to 42 U.S.C. § 1983, it must be dismissed for failure to state a claim upon which relief may be granted. Section 1983 provides that an action may be maintained against a "person" who has deprived another of rights under the "Constitution and Laws." 42 U.S.C. § 1983. A court is not a "person" within the meaning of § 1983. Zuckerman v. Appellate Division, Second Dept., Supreme Court of State of N.Y., 421 F.2d 625, 626 (2d Cir. 1970). Furthermore, the Eleventh Amendment bars suit against states and state agencies, including suits brought pursuant this statute. Pennhurst State Sch. & Hosp. V. Halderman, 465 U.S. 89, 100-02, 120 (1984). Amankwaah v. Cayuga County, et al, 1992 WL 296459 (N.D.N.Y.1992)(suit against the Family Court is barred by the Eleventh Amendment). Accordingly, the complaint is dismissed against the Family Court of Nassau County with prejudice.

5. <u>The Claims against A.D.A. Joy Watson</u>

Prosecutors are immune from civil suits for acts such as those alleged here, which occur within the scope of the prosecutor's official duties and are "intimately associated with the judicial phase of the criminal process." <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430, 96 S. Ct. 984 (1976); <u>see</u> <u>Pinaud v. County of Suffolk</u>, 52 F.3d 1139, 1148 (2d Cir. 1995) ("absolute immunity extends to those acts, whether in or out of the courtroom, 'which occur in the course of the [prosecutor's] role as an advocate for the State'") (citations omitted); <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 113 S. Ct. 2606 (1993); <u>Barrett v. United States</u>, 798 F.2d 565, 571-72 (2d Cir. 1986) (discussing prosecutorial immunity for all activities "that can fairly be characterized as closely associated with the conduct of litigation or potential litigation, including presentation of evidence to a grand jury"). Plaintiff's claims against defendant A.D.A. Joy Watson relate to her official duties and are intimately associated with the judicial phase of the criminal process. Accordingly, the claims against her are dismissed with prejudice.

6. <u>Release From Confinement</u>

To the extent that Plaintiff is seeking his release from confinement pursuant to § 1983, the Supreme Court has ruled that the appropriate procedure for that relief is through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, not through a § 1983 action. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1975); <u>see also</u> <u>Abdul-Hakeem v. Koehler</u>, 910 F.2d 66, 68-69 (1990). In <u>Preiser</u>, the Supreme Court

that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." 411 U.S. at 500. Therefore, to the extent that Plaintiff is seeking release from confinement pursuant to § 1983, plaintiff has failed to articulate a claim on which relief may be granted.

      7.     Statute of Limitations

Furthermore, it is well settled that claims under Section 1983 must be commenced within three years of the alleged violation. See Harris v. City of New York, 186 F.3d 243, 247-48 (2d Cir.1999) (stating that three years is the statute of limitations for a New York based Section 1983 cause of action); Okure v. Owens, 816 F.2d 45, 49 (2d Cir. 1987) (same). In this case, it appears that the plaintiff's claims arose out of events that occurred in 1996. The complaint was filed on February 14, 2005. The complaint appears to be untimely as a matter of law. See Pino v. Ryan, 49 F.3d 51, 53-54 (2d Cir. 1995) (stating that a sua sponte dismissal is "appropriate if it appears from the face of the complaint that the action is barred . . . by the statute of limitations."). Accordingly, the Section 1983 cause of action in the complaint is dismissed without prejudice to the plaintiff making a showing in an amended complaint as to the timeliness of the complaint.

C.     Leave to Amend

When addressing a pro se complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated. Thompson v. Carter, 284 F.3d 411, 419 (2d Cir. 2002) (citing Branum v.Clark, 927 F.2d 698, 705 (2d Cir. 1991). Nevertheless, "'[f]utility' is a valid reason for denying a motion to amend . . . where it is 'beyond doubt that the plaintiff can prove no set of facts in support' of his amended claims." Pangburn v. Culbertson, 200 F.3d 65, 70-71 (2d Cir. 1999) (citations omitted).

While Plaintiff does not seek leave to file an amended complaint, the Court assumes because of his pro se status that leave would be sought. However, even with the most liberal reading of the complaint, the Court finds that the complaint is completely devoid of any viable cause of action and any amendment would therefore be futile. Accordingly, the Court declines to grant leave to amend in this case.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that plaintiff's request to proceed in forma pauperis is granted; and it is further

**ORDERED,** that the superintendent of the facility in which the plaintiff is incarcerated forward to the Clerk of the Court a certified copy of the prisoner's trust fund account for the six months immediately preceding this order, in accordance with

the plaintiff's previously submitted authorization form; and it is further

**ORDERED**, that the agency holding the plaintiff in custody calculate the amounts specified in 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York; and it is further

**ORDERED** that the Clerk of the Court shall mail a copy of this Order, together with the plaintiff's authorization, to the superintendent of the facility in which the plaintiff is incarcerated and to the plaintiff; and it is further

**ORDERED** that plaintiff's application for the appointment of counsel is denied; and it is further

**ORDERED,** that the Court <u>sua sponte</u> dismisses the complaint in its entirety with prejudice; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Order to the plaintiff by regular first class mail and by certified mail, return receipt requested. The Clerk of the Court is directed to close this case.

Dated: Central Islip, New York
      May 9, 2005

                                              ARTHUR D. SPATT
                                             United States District Judge